IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KHARY PENEBAKER, MARY ARNOLD,
and BONNIE JOSEPH, et al.,

                *Plaintiffs*,

    *v.*

                                                       Case No. 3:22-cv-00334

ANDREW HITT, ROBERT F.
SPINDELL, JR., BILL FEEHAN,
KELLY RUH, CAROL BRUNNER,
EDWARD SCOTT GRABINS,
KATHY KIERNAN, DARRYL
CARLSON, PAM TRAVIS, MARY
BUESTRIN, JAMES R. TROUPIS, and
KENNETH CHESEBRO,

                *Defendants*.

---

**PLAINTIFFS' MOTION TO REMAND**

---

      Plaintiffs, by and through their counsel, Stafford Rosenbaum, LLP, Law Forward, Inc., and the Institute for Constitutional Advocacy and Protection, hereby move the Court for an order remanding this action back to the Dane County Circuit Court, pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1447. Remand is proper because there is no basis for federal subject matter jurisdiction over this case—the Complaint neither pleads any federal cause of action nor contains a sufficient subsidiary question arising under federal law to warrant federal jurisdiction. This motion is supported by the accompanying Memorandum in Support of Plaintiffs' Motion to Remand.

Respectfully submitted,

Jeffrey A. Mandell (State Bar No. 1100406)
Carly Gerads (State Bar No. 1106808)
STAFFORD ROSENBAUM LLP

Mel Barnes (State Bar No. 1096012)
LAW FORWARD, INC.

Mary B. McCord
Rupa Bhattacharyya
Alex Aronson*
Joseph W. Mead*
Ben Gifford
INSTITUTE FOR CONSTITUTIONAL
ADVOCACY AND PROTECTION
*Application for admission forthcoming

July 12, 2022                    *Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KHARY PENEBAKER, MARY ARNOLD,
and BONNIE JOSEPH, et al.,

          *Plaintiffs*,

v.

          Case No. 3:22-cv-00334

ANDREW HITT, ROBERT F.
SPINDELL, JR., BILL FEEHAN,
KELLY RUH, CAROL BRUNNER,
EDWARD SCOTT GRABINS, KATHY
KIERNAN, DARRYL CARLSON,
PAM TRAVIS, MARY BUESTRIN,
JAMES R. TROUPIS, and KENNETH
CHESEBRO,

          *Defendants*.

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND

Jeffrey A. Mandell (State Bar No. 1100406)
Carly Gerads (State Bar No. 1106808)
STAFFORD ROSENBAUM LLP

Mel Barnes (State Bar No. 1096012)
LAW FORWARD, INC.

Mary B. McCord
Rupa Bhattacharyya
Alex Aronson
Joseph W. Mead
Ben Gifford
INSTITUTE FOR CONSTITUTIONAL
ADVOCACY AND PROTECTION

July 12, 2022          *Attorneys for Plaintiffs*

Pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1447, Plaintiffs seek remand of this action to the Circuit Court for Dane County, Wisconsin, in which it was originally filed. Ten of the twelve named Defendants filed papers removing the case to this Court on June 15, 2022, citing 28 U.S.C. § 1441(b). Notice of Removal, Dkt. 1, ¶¶7, 11. Notwithstanding the citation, there is not diversity of citizenship amongst Plaintiffs and the removing Defendants. On June 22, 2022, the same ten Defendants filed an amended notice of removal, replacing citations to 28 U.S.C. § 1441(b) with citations to 28 U.S.C. § 1441(a). Am. Notice of Removal, Dkt. 4, ¶¶7, 11. Neither the original Notice of Removal nor the Amended Notice contained any statement as to the position of the two other defendants. *But see* 28 U.S.C. § 1446(b)(2)(A). On July 8, 2022, the two other Defendants joined the notice of removal. Joinder in Am. Notice of Removal, Dkt. 10.

Remand is required because there is no federal subject matter jurisdiction over this case. Plaintiffs' Complaint, which was filed in state court on May 17, 2022, seeks relief against the named Defendants under civil conspiracy, public nuisance, and quo warranto causes of action, all stemming exclusively from the Wisconsin Constitution, statutes, and common law. Am. Notice of Removal, Dkt. 4, Ex. A (hereinafter, "Compl."). The Complaint neither pleads a federal cause of action nor contains a sufficient subsidiary question arising under federal law to trigger the exercise of federal jurisdiction. *See* 28 U.S.C. § 1331. Accordingly, there is no federal jurisdiction over this Complaint and no basis for removal. This Court must remand for lack of subject matter jurisdiction.

## ARGUMENT

### I.   REMAND IS REQUIRED BECAUSE THERE IS NO FEDERAL JURISDICTION.

It is axiomatic that "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In other words, for removal to be appropriate, the case must fall within the original jurisdiction of the federal court. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). The party seeking removal has the "burden of establishing federal jurisdiction, and federal courts should

1

interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *accord Doe*, 985 F.2d at 911 ("Any doubt regarding jurisdiction should be resolved in favor of the states.").

Defendants fail to meet their burden here. First, the Complaint asserts no federal cause of action. Second, the Complaint does not fall within the small category of cases giving rise to federal jurisdiction in the absence of a federal cause of action, as delineated by the Supreme Court's controlling precedents in *Grable & Sons Metal Prods, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005), and *Gunn v. Minton*, 568 U.S. 251 (2013). These cases dictate that, in the absence of a federal cause of action, federal jurisdiction will arise only if "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314. As the Court of Appeals for the Seventh Circuit has recognized, this category of cases is "exceedingly slim," *E. Cent. Ill. Pipe Trades Health & Welfare Fund v. Prather Plumbing & Heating, Inc.*, 3 F.4th 954, 962 (7th Cir. 2021), and, as discussed below, the Complaint does not contain the characteristics identified in *Grable* and *Gunn* as necessary prerequisites to federal jurisdiction. In the absence of federal jurisdiction, Plaintiffs' choice of forum controls, necessitating remand.

### A. The Complaint Contains No Federal Cause of Action.

Defendants invoke 28 U.S.C. § 1331, which provides jurisdiction for "all civil actions arising under the Constitution, laws, or treaties of the United States." Am. Notice of Removal, Dkt. 4, ¶¶5, 6; Joinder in Am. Notice of Removal, Dkt. 10, ¶11. Traditionally, for a claim to fall within a federal court's original jurisdiction under § 1331, a federal question must be presented on the "face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392. "Most directly, a case arises under federal law when a federal law creates the cause of action asserted." *Gunn*, 568 U.S. at 257; *accord Merrill Lynch, Pierce, Fenner & Smith v. Manning*, 578 U.S. 374, 383 (2016) ("[F]ederal jurisdiction attaches when federal law creates the cause of action asserted.").

2

There is no such claim here. Each cause of action pled in the Complaint is pled under state law: Count One pleads a civil conspiracy under state common law, *see Thomas ex rel. Gramling v. Mallett*, 2005 WI 129, ¶168, 285 Wis. 2d 236, 701 N.W.2d 523; Counts Two and Three plead causes of action under Wisconsin's public-nuisance statute, Wis. Stat. §§ 823.01, 823.02; Count Four pleads a cause of action under Wisconsin's quo warranto statute, Wis. Stat. § 784.04; Count Five seeks punitive damages with respect to all other causes of action; and Count Six seeks a remedy under the Wisconsin Constitution, Article I, Section 9.

Although the Complaint does not raise a federal cause of action, Defendants apparently base their claim to removal on the citations to federal law contained in the state law civil conspiracy claim (Count One) and the references to violations of criminal law in the Complaint's public nuisance claim (Count Two). Am. Notice of Removal, Dkt. 4, ¶5, Joinder in Am. Notice of Removal, Dkt. 10, ¶8-9. Count One alleges that "Defendants violated a number of civil and criminal laws," Compl. ¶189, including several state laws, Compl., ¶¶190-196 (citing Wis. Stat. §§ 5.10 and 7.75); ¶¶197-204 (citing Wis. Stat. §§ 939.05 and 946.69), and three federal criminal statutes, Compl. ¶¶202-210 (citing 18 U.S.C. § 1512(c)(2); 18 U.S.C. § 371; and 18 U.S.C. § 494). Count Two alleges that Defendants "violated various criminal prohibitions," as outlined in Count One in the course of creating a *per se* public nuisance. Compl. ¶¶ 226, 234-236.

The Complaint's inclusion of federal predicates in support of state-law conspiracy and public nuisance claims does not transform the Complaint into one arising under federal law. It is well settled that a complaint alleging a violation of a federal statute as an element of a state cause of action "does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" *Merrell Dow Pharms. Ic. v. Thompson*, 478 U.S. 804, 817 (1986) (citation omitted) (finding no federal subject matter jurisdiction over a tort claim premised on violation of federal regulation); *accord, e.g.*, *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006) ("[I]t takes more than a federal element 'to open the "arising under" door.'" (quotation omitted)); *E. Cent. Ill. Pipe Trades*, 3 F.4th at

3

958 ("For a case to satisfy § 1331 by "arising under" federal law, . . . it is not enough for a plaintiff to merely call upon a constitutional provision, a federal statute, or a principle of federal common law in the complaint."). Plaintiffs' Complaint asserts only state-law causes of action that fall outside the limited jurisdiction of the federal courts, and the few references to federal law do not compel a different conclusion.

### B. The Complaint Does Not Fit into the "Exceedingly Slim" *Grable* Exception.

Nor can Defendants justify removal under an "extremely rare exception[]" to the rule that a complaint asserting only state causes of action fails to meet the requirements of 28 U.S.C. § 1331. *Gunn*, 568 U.S. at 257. Under an exception, as set forth in *Grable*, the Court recognized that federal jurisdiction would lie in the "special and small category of cases," *Gunn*, 568 U.S. at 258 (citation omitted), where "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314. Or, as the Supreme Court reiterated in *Gunn, Grable* allows federal jurisdiction only if "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, *and* (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." 568 U.S. at 258 (emphasis added). All four *Grable* requirements must be met. *Id.*

In *Grable*, the Supreme Court found federal jurisdiction over a state-law quiet-title action where title depended on whether a federal agency, the Internal Revenue Service ("IRS"), had provided adequate notice under federal law before seizing property for tax delinquency and selling it to the defendant purchaser. The case had significant implications for what federal law required of a federal agency, and the outcome potentially threatened to undermine the federal government's collection of taxes by calling into question the validity of the IRS's sale of seized property. As the Court explained, although "it will be the rare state title case that raises a contested matter of federal

4

law," jurisdiction arose because the federal government had a "direct interest in the availability of a federal forum to vindicate its own administrative action" and the parties "may find it valuable to come before judges used to federal tax matters." 545 U.S. at 314-15. The Court in *Gunn*, applying this same test, declined to find federal jurisdiction in a state-law legal-malpractice case raising issues of federal patent law, finding neither a substantial issue of federal law nor a "serious federal interest in claiming the advantages thought to be inherent in a federal forum," even where the question of federal law raised was both "necessary" to disposition of the case and "actually disputed." 568 U.S. at 264-65 (quoting *Grable*, 545 U.S. at 313). As the Court of Appeals for the Seventh Circuit has remarked, the *Grable/Gunn* "inquiry rarely results in a finding of federal jurisdiction." *Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 466 (7th Cir. 2015).

Here, as is usually the case, application of the *Grable* test does not give rise to federal jurisdiction because the case does not satisfy all four factors. Indeed, Defendants' attempt to remove clearly falters on three of the factors, each of which is independently dispositive and requires remand.[1]

*First*, no federal issue is "necessarily raised." Defendants' liability under Counts One and Two of the Complaint can be adjudicated without deciding any question of federal law, as both Counts also rely on several alleged violations of Wisconsin law to support the civil-conspiracy and public nuisance claims, *see* Compl., ¶¶190-201 (citing Wis. Stat. §§ 5.10, 7.75, 939.05, and 946.69). Indeed, even if all references to federal law were eliminated from the Complaint, Plaintiffs would state the exact same claims against the exact same Defendants. When, as here, there are alternative theories for relief under which federal law is not implicated, there is no federal jurisdiction. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 813 (1988) (deciding, when interpreting

---

[1] Plaintiffs assume, for purposes of this argument only, that the federal elements will be "actually disputed" as the case proceeds; even if that requirement is met in this case, it is not enough to confer federal jurisdiction, as the decisional law discussed herein demonstrates.

5

identical "arising under" language in 28 U.S.C. § 1338 by reference to § 1331 cases, that "a claim supported by alternative theories in the complaint may not form the basis for § 1338(a) jurisdiction unless patent law is essential to each of those theories"); *accord Flying Pigs, LLC v. RRAJ Franchising, LLC*, 757 F.3d 177, 182 (4th Cir. 2014) ("[A] plaintiff's right to relief for a given claim necessarily depends on a question of federal law only when *every* legal theory supporting the claim requires the resolution of a federal issue" (quoting *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc); emphasis in original)); *see also Mayor & City of Baltimore v. BP P.L.C.*, 31 F.4th 178, 211 (4th Cir. 2022) (declining federal jurisdiction over public nuisance claims because, although such claims "may" rely on federal law to show an unreasonable interference with the public's rights, "that is discretionary and not a necessary element" where plaintiffs could also utilize a state law or regulation to make this showing "without resorting to any federal law" (internal quotes omitted)). This alone is fatal to removal.

*Second*, any resolution of issues surrounding the federal-law predicates to the Plaintiffs' state law claims would not be "substantial," within the meaning of *Grable*'s "arising under" test. A question of federal law is substantial when its resolution would be "both dispositive of the case and would be controlling in numerous other cases." *Empire Healthchoice*, 547 U.S. at 700. Thus, a federal issue is substantial when it is "a nearly 'pure issue of law' . . . 'that could be settled once and for all.'" *Id.* (citation omitted). A substantial federal issue is also more likely to be present if "[t]he [Federal] Government . . . has a direct interest in the availability of a federal forum to vindicate its own administrative action." *Grable*, 545 U.S. at 315. In contrast, when there is "a fact-specific application of rules that come from both federal and state law rather than a context-free inquiry into the meaning of a federal law," federal jurisdiction is lacking. *Bennett v. Sw. Airlines Co.*, 484 F.3d 907, 910 (7th Cir. 2007).

There is no conceivable ruling on the application of the federal-law predicates as a sound basis for Plaintiffs' civil-conspiracy or public nuisance causes of action that would dispose of the

6

case, nor would such a ruling be controlling in other cases. As noted above, Count One relies more heavily on state-law predicates and also requires proof of other elements of the civil-conspiracy claim, beyond the wrongful acts delineated by the predicate laws that Plaintiffs allege have been violated, including the formation and operation of a conspiracy and the damages resulting therefrom. *See Thomas*, 2005 WI 129, ¶168. Similarly, Count Two requires proof of elements beyond demonstrating that violations of federal criminal law occurred. Establishing a violation of federal law—one type of wrongful act, among others alleged, that could support a civil conspiracy or public nuisance claim—would not be controlling in other cases with other facts. Nor do the allegations made in the Complaint raise a "pure issue of [federal] law," *Empire Healthchoice*, 547 U.S. at 700; rather, they depend on specifically alleged facts associated with the appointment and certification of Wisconsin's presidential electors under procedures established by Wisconsin law. They implicate neither a federal program nor a federal agency. As the Seventh Circuit has repeatedly recognized, allegations such as these do not plead any "substantial" federal question within the meaning of *Grable* and *Gunn*. *See E. Cent. Ill. Pipe Trades*, 3 F.4th at 962 ("[I]t is difficult for us to see how the . . . highly fact-bound … claim necessarily raises any federal issue that is so important to the federal system as a whole that it warrants the availability of a federal forum."); *Bennett*, 484 F.3d at 909 (no federal jurisdiction under *Grable* when "everything will depend on a fact-bound question" and the "meaning of federal statutes and regulations may play little or no role").

*Finally*, the federal-state balance does not justify exercising jurisdiction over this case. This requirement for federal jurisdiction reflects "the commonsense notion that a federal court ought to be able to hear claims recognized under state law that . . . turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable*, 545 U.S. at 312. Courts have found that the balance favors federal jurisdiction only in limited circumstances where the dispute implicates the validity of a federal agency conducting a federal program, *see, e.g.*, *Hartland Lakeside Joint No. 3 Sch. Dist. v. WEA Ins.*

7

*Corp.*, 756 F.3d 1032, 1035 (7th Cir. 2014) (emphasizing that, in *Grable*, "the national government itself was vitally concerned about the outcome; an adverse decision could undercut its ability to collect taxes"), or where the possibility of disparate application of federal law would cause significant problems, *see Evergreen Square*, 776 F.3d at 468 (interpreting HUD-specified contracts under Section 8 voucher program, and noting that the "federal government has a strong interest in these issues being decided according to uniform principles").

Outside of those narrow circumstances, federal courts have consistently expressed concern about making a federal case out of litigation brought under state law simply because federal law is invoked. *See Grable*, 545 U.S. at 319 ("A general rule of exercising federal jurisdiction over state claims resting on federal mislabeling and other statutory violations would thus have heralded a potentially enormous shift of traditionally state cases into federal courts"); *accord Bennett*, 484 F.3d at 911-912 (finding no jurisdiction because taking a case arising from an airplane crash would have the effect of "mov[ing] a whole category of litigation to federal court," which is forbidden under *Grable* even where "some standards of care used in tort litigation come from federal law"); *Wisconsin v. Abbott Labs.*, 390 F. Supp. 2d 815, 823-24 (W.D. Wis. 2005) (no jurisdiction over case alleging that pharmaceutical-company defendants inflated drug prices because, although the meaning of relevant federal Medicare regulations presented "a substantial and disputed issue of federal law," case "did not implicate an overriding federal interest" and "removal would disturb the balance of judicial responsibilities between state and federal courts").

There is no federal agency or federal program at play here, and there is no special need to ensure federal uniformity. This case seeks to apply Wisconsin law to activity that took place in Wisconsin and was directed at Wisconsin's submission of its Electoral College votes under its own state laws. Far from being a case where a federal issue "qualif[ies] for a federal forum" because jurisdiction is "consistent with congressional judgment about the sound division of labor between state and federal courts," *Grable*, 545 U.S. at 313, here, it is Wisconsin that has a strong "interest in

8

protecting the integrity and reliability of the electoral process," *Crawford v. Marion Cnty. Election Bd.*, 553 U.S. 181, 191 (2008), and Congress plays no role in the selection, appointment, or certification of Wisconsin's presidential electors.

The Complaint raises no question of federal law sufficiently substantial to warrant a federal court disrupting a Wisconsin state court's ability to interpret and apply its own state law to the activities committed to it by the Wisconsin Constitution. *See Gunn,* 568 U.S. at 264; *Grable*, 545 U.S. at 314 (evaluating "arising under" jurisdiction requires "assessment of any disruptive portent in exercising federal jurisdiction"); *Hartland*, 756 F.3d at 1035 (denying federal jurisdiction because, where states have "preeminence in the domain of insurance regulation," "how can one resolve a dispute between an insurer and its clients about the size of premiums *without* stepping on states' toes?" (emphasis in original)). There is simply no federal interest that justifies displacing the authority of state courts here. As there is no federal jurisdiction, remand is required.

## II.  PLAINTIFFS ARE ENTITLED TO AN AWARD OF JUST COSTS INCURRED AS A RESULT OF THE IMPROPER REMOVAL.

Under 28 U.S.C. § 1447(c), Plaintiffs may be awarded just costs, including attorneys' fees, incurred in moving for remand. Such an order should be entered here. This Court may award just costs if "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). An award of fees recognizes that "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Id.* Here, there was no objectively reasonable basis for removal. The Plaintiffs' Complaint contains no federal cause of action and several Supreme Court cases, including *Merrell Dow, Empire Healthcare, Christianson*, *Grable,* and *Gunn*, along with several opinions of the Court of Appeals cited above, squarely foreclose the exercise of federal jurisdiction. Further, in neither the Notice of Removal, Dkt. 1, nor the Amended Notice of Removal, Dkt. 4, did the ten defendants first requesting removal make any

effort to account for the position of the two remaining defendants. *See N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982) ("[A] petition filed by less than all of the named defendants is considered defective if it fails to contain an explanation for the absence of co-defendants."). Thus, it remained unclear for weeks whether all defendants would even consent to removal as required by 28 U.S.C. § 1446(b)(2)(A). Removal was unreasonable and Plaintiffs should be compensated for the costs they incurred in seeking remand.

## CONCLUSION

For the reasons stated, this Court must remand this case to state court and should require, as allowed by 28 U.S.C. § 1447(c), payment of just costs and actual expenses, including attorneys' fees, incurred by Plaintiffs as a result of Defendants' improper removal.

    Respectfully submitted,

    Jeffrey A. Mandell (State Bar No. 1100406)
    Carly Gerads (State Bar No. 1106808)
    STAFFORD ROSENBAUM LLP

    Mel Barnes (State Bar No. 1096012)
    LAW FORWARD, INC.

    Mary B. McCord
    Rupa Bhattacharyya
    Alex Aronson*
    Joseph W. Mead*
    Ben Gifford
    INSTITUTE FOR CONSTITUTIONAL
    ADVOCACY AND PROTECTION
    *Application for admission forthcoming

    *Attorneys for Plaintiffs*

Dated: July 12, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2022, I electronically filed a copy of the foregoing. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ *Rupa Bhattacharyya*
Rupa Bhattacharyya